HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY L. McNABB,

                 Plaintiff,

   v.

THE BOEING COMPANY, MACHINISTS UNION DISTRICT #751, and THE INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS,

                 Defendants.

No. CV 10-1531 JCC

**ORDER**

This matter comes before the Court on the motions of Defendants Machinists Union District #751 (Dkt. No. 4) and the Boeing Company (Dkt. No. 5) for dismissal of Plaintiff Larry L. McNabb's claims, Plaintiff's response (Dkt. No. 6), and Defendants' replies. (Dkt. Nos. 7&8.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

On June 2, 2010, Plaintiff filed a pro se complaint in Snohomish County Superior Court against the Union, the Boeing Company, and the International Association of Machinists and Aerospace Workers. (Complaint (Dkt. 1-2).) The statement of claim section states in its entirety:

> The Boeing Co. "wrongfull [sic] termination."
> The Machinists Union District #751.
> "Duty to Fairly Represent."

ORDER
CV 10-1531 JCC - 1

1   Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for
2 "failure to state a claim upon which relief can be granted." Although a complaint challenged by a
3 Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more
4 than labels and conclusions" and contain more than a "formulaic recitation of the elements of a
5 cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

   Here, Plaintiff's complaint has offered absolutely no facts or information to support his
claims that he was wrongfully terminated by Boeing or that he was unfairly represented by the
Union, merely a bare description of the alleged wrong. As such, the complaint must be
dismissed. Plaintiff's response does nothing to account for the deficiencies in the complaint.
Instead, Plaintiff simply resubmits the same deficient complaint, states that he filed charges with
the Equal Employment Opportunity Commission in February 2009, and requests a remand to
state court. (Resp. 1–2 (Dkt. No. 6).) Accordingly, Defendants' motions are GRANTED (Dkt.
Nos. 4&5) and Plaintiff's complaint is DISMISSED without prejudice.[1] If he chooses, Plaintiff
may file a new complaint. For that complaint to succeed, Plaintiff must explain the facts
surrounding his termination in greater detail. Plaintiff's motion not to dismiss will be treated as
a response to Defendants' motion and, accordingly, DENIED. (Dkt. No. 6.)

DATED this 29th day of October, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The phrase "without prejudice" means that the Plaintiff will not be prohibited from filing a new complaint.

ORDER
CV 10-1531 JCC - 2